IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ARNOLDO MORFIN-ARIAS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:20-CV-758-A |
| | § | (NO. 4:17-CR-194-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of movant, Arnoldo Morfin-Arias, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:17-CR-194-A, styled "United States of America v. Arnoldo Morfin-Arias, et al.," and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On September 20, 2017, movant was named in a one-count indictment charging him with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation

of 21 U.S.C. § 846. CR Doc.[1] 229. On October 18, 2017, he was named in a superseding indictment making the same charge against him and adding other defendants to the case. CR Doc. 246.

On November 3, 2017, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 265. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 266. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-194-A.

meaning of everything in it and the stipulated facts were true. CR Doc. 548.

The probation officer prepared the PSR, which reflected that movant's base offense level was 38. CR Doc. 381, ¶ 67. He received a two-level enhancement for importation, id. ¶ 68, a two-level enhancement for maintaining a drug premises, id. ¶ 69, and a four-level enhancement for being an organizer or leader of criminal activity. Id. ¶ 71. He received a two-level and a one-level decrease for acceptance of responsibility. Id. ¶¶ 75, 76. Based on a total offense level of 43 and a criminal history category of V, the guideline imprisonment range was life. Id. ¶ 110. Movant filed objections to the PSR. CR Doc. 418. The probation officer prepared an addendum to the PSR, accepting only an objection to a typographical error. CR Doc. 437.

On April 13, 2018, movant was sentenced to a term of imprisonment of life. CR Doc. 481. He appealed, CR Doc. 500, and his sentence was affirmed. United States v. Morfin-Arias, 757 F. App'x 397 (5th Cir. 2019).

II.

Grounds of the Motion

Movant asserts four grounds in support of his motion, making the identical allegation of "Denial of effective assistance of counsel in violation of Sixth Amendment right to

due process." Doc.[2] 1 at PageID[3] 6-7. His arguments all address the drug quantity attributed to him and the life sentence he received. Doc. 2.

III.

Standards of Review

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua,

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten page numbers on the form used by movant are not the actual page numbers of the document.

4

656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112

(2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In support of his first ground, movant argues that "the 841(a)(1) and (b)(1)(A) was dismissed as part of the plea agreement." Doc. 2 at PageID 13. Of course, there was no plea agreement in this case. He further argues that the superseding indictment failed to list the quantity of drugs. Id. This, too, is false. The superseding indictment charged movant with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. CR Doc. 246. And, he admitted that he

6

conspired to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. CR Doc. 266. He then argues that the jury was required to find the drug quantity, relying on Alleyne v. United States, 570 U.S. 99 (2013). Here, movant pleaded guilty, acknowledging that his statutory range of imprisonment was ten years to life. Alleyne, which addresses facts that increase a mandatory minimum sentence, is inapplicable in any event. Movant was sentenced within the statutory range based on his own admissions and the facts found by a preponderance of the evidence at sentencing. United States v. Alaniz, 726 F.3d 586, 618-19 (5th Cir. 2013). Contrary to movant's allegations, his attorney did object to the drug quantity attributed to him and his objections were overruled. The fact that he did not prevail does not mean that movant received ineffective assistance. Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983).

In support of his second ground, movant makes conclusory arguments that his counsel misled him into pleading guilty based on the belief that he would receive a 120-month sentence. He also refers to the failure of the government to prove the specific offense characteristics in the PSR. Doc. 2 at PageID 17-24. Movant offers no evidence in support of these allegations and, in any event, the contention that movant did not know what

7

sentence he faced is belied by the record. CR Doc. 548. Movant was assisted by an interpreter at the rearraignment hearing and had every opportunity to clarify if he did not understand the proceedings at any point. Id. Movant's solemn declarations in open court are entitled to a presumption of verity. Blackledge v. Allison, 431 U.S. 63, 74 (1977). As stated, counsel did file objections to the PSR and those objections were overruled.

In support of his third and fourth grounds, movant again argues that his counsel failed to object to the drug quantity findings. For the reasons previously discussed, these grounds are without merit. As the Fifth Circuit noted, "assuming *arguendo* the court erred in including any or all of the challenged drug quantities, [movant's] base-offense level of 38 would remain unchanged." Morfin-Arias, 757 F. App'x at 399. Any error was harmless.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further

ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 13, 2020.

JOHN McBRYDE
United States District Judge